Go ahead. Thank you, Your Honor. I'd like to also reserve two minutes for rebuttal. May it please the Court, Robert Jacobs on behalf of the petitioner Severiano Vasquez-Hernandez. There's two paramount values of our immigration policy. Number one is family unity and number two under deportation laws when a statute is vague or ambiguous it should be construed in favor of the alien or the immigrant. The facts in this case deal with the immigration relief of cancellation of removal for non-permanent residents which requires 10 years exceptional and extremely unusual hardship to a qualifying relative, good moral character, a favorable exercise of a judge's discretion, and the focus of this appeal is no disqualifying crimes. Now hardship mentioned earlier is the most difficult factor so if we have an immigrant with a qualifying child with or a qualifying parent who suffered a stroke and needs the immigrant to care for them, the issue here is how much discretion do we give the courtroom judge to grant or deny that application. In many cases also the applicant and their spouse are applying for this relief cancellation of removal together as a married couple. In this case my client satisfied statutorily all the requirements including good moral character which was required for the judge to grant the voluntary departure which he could receive. Maybe I'm missing something on this but I thought this case was about the application of Gonzalez-Gonzalez versus Ashcroft. You're talking about something which while important doesn't really address the issue of your client's crime of domestic violence which takes him out of the category where we can consider the things that you're talking about, doesn't it? Your Honor, I think the, I think this cancellation of removal statute needs to be considered in its entire context. Well, let's just say you're right. We're a three-judge panel. One of our three-judge panels has ruled in Gonzalez-Gonzalez that the statute under which your client was convicted of domestic violence makes it so that what he's seeking can't be granted. Isn't that correct? In part, Your Honor. But Gonzalez-Gonzalez did not consider whether the alien in it qualified for the petty offense exception. In fact, in a head note it stated that the alien was an aggravated felon which seems to suggest that his domestic violence conviction was for a felony and not a misdemeanor. Therefore, he would not have been eligible for the petty offense exception. Well, walk us through the statute and tell us how the petty, how you get to the petty offense exception applying here. In our, in the instant case? That would be a good case. You have another one in mind? I thought you were referring to Gonzalez-Gonzalez. In our case, the, my client suffered one misdemeanor domestic violence conviction in his entire life, one crime in his entire life, and he was sentenced to a mere 14 days jail. Petty offense exception, you would qualify if you have a misdemeanor conviction and your sentence is 180 days or less. Right. And that applies to a crime involving moral turpitude. Correct. Under 1182. Your client has committed a crime of domestic violence under 1227. Well, the Board of Immigration Appeals considered the same exact domestic violence conviction under California Penal Code Section 273.5 as also a crime of moral turpitude. But it doesn't matter if it's also a crime of moral turpitude as long as it's covered under 1227. Can you get the petty exception offense to cover 1227? Well, I think in this case the government wants to have it both ways because there's an issue as to whether the alien was inadmissible or deportable, and our alien in this case is inadmissible. And so the previous arguments in prior case law is that he should only be subject to the grounds, the criminal grounds of inadmissibility under Section 212. Later, the courts had stated that regardless of whether you're inadmissible or deportable, that the criminal disqualifying of the alien was inadmissible or deportable should apply equally to the alien. And so our argument is if the government wants the disqualifying grounds of all the crimes to apply against an applicant for cancellation of removal, then the exceptions to the qualifying grounds should also apply. But it's not the exception for the qualifying grounds is only for those crimes that are listed under 1182. How do you get the exception that's found in 1182 to apply to the crimes listed in 1227? Well, the statute says that the an alien can't have a conviction, and it's stated under 212.237. And therefore, the statute or Congress was stating that the that all the statutes under the criminal grounds should apply to each alien. And therefore, it didn't exclude the petty offense exception under 212 to also apply to waive a particular conviction that would fall under the petty offense exception. Now, the petty offense exception is not found in 1229B. It's found in 1182. The question is then how do you import that from one statute into another statute that doesn't refer to it? Your client has committed a crime of domestic violence. Is that correct? Correct. And that is a 1227 offense listed in 1227. The petty offense exception that you'd like to take advantage of is found in every statute that doesn't refer to 1227. 1227 does not have a petty offense exception written into it. How do you get to borrow the one in 1182 and apply it to 1227? Because they're not mutually exclusive. If the Congress wanted to eliminate the petty offense exception from applicants for cancellation of removal, it could have simply stated that a conviction under 237 is the only section that disqualifies you, because all the crimes in 237 are also – all the crimes in 212 are in 237. And so by including convictions under 212, Congress intended to include the petty offense exception to apply. And in fact, that's what the Board did in Garcia-Hernandez. And that was before Gonzalez-Gonzalez, wasn't it? It was, and it has not been overturned. Okay. So the – I still don't think you've answered the question that Judge Bybee posed to you. I mean, the fact is, you're hanging your hat apparently on the idea that a crime of domestic violence is also a crime of moral – you know, of moral turpitude. And whether that's true or whether it's not true, you can only get the petty offense exception under a statute where the crime is listed. And 1182 refers to a crime involving moral turpitude. But in this case, you've got a standalone statutory provision, and 11 – I'm sorry, 1227, that your client had been convicted of that has nothing in that statute. There's nothing in there about a petty offense, is there? Under INA Section 237, no. So unless, as Judge Bybee indicated, unless somehow we can import into one statute an exception listed under another statute, we really can't help you, can we? I believe – I believe we can. What's happening is my client is inadmissible. He's not deportable. He's inadmissible because he entered the United States without inspection. And so he should be held under the standards of the grounds of inadmissibility, which includes the petty offense exception. But the court had – prior courts had wanted to expand that and say, it doesn't matter that he's only inadmissible. We're going to apply the grounds of deportability to him. And so our argument is that if they're going to – if they're going to apply grounds of deportability to somebody who's only inadmissible, then we should also apply the petty offense exception in the grounds of inadmissibility. But yours is more complicated, is it not? Because you're really seeking to reopen, right? Isn't that the real motion that you have before the court? Yes, Your Honor. Okay. And the – if you have a crime involving domestic violence, you're not eligible to file that motion, are you, or are you not to get relief on that motion? Isn't that correct? If you're eligible for cancellation of removal. That's the point, is you're not eligible for cancellation of removal if you've been convicted of a crime involving domestic violence under 1127 – or 1227. But that's the – that's our – that's our case. That's the argument here, is that we – he is eligible. So basically that's it. In other words, you are, I gather, conceding that unless somehow we can import the exception in one statute into an entirely separate statute, then your client loses. Is that about the size of it? Well, we believe that the court – not necessarily. We believe that this court should – doesn't necessarily have to overturn Gonzales-Gonzales, but should follow the case precedent. We can overturn Gonzales-Gonzales. We're a three-judge panel. That was a three-judge panel. We – we are bound by Gonzales-Gonzales. And that says that what your client was convicted of doesn't let you do what you want to do. And you're arguing that, well, I know it says that, but we'd like you to take the provision from this one statute and put it in another statute, and that'll solve the problem. And we're saying, hey, you know, we're empathetic, but how do we do that? I don't see, as a matter of law, how we can accomplish what you're trying to do. Can you help us with that? Either – either rule that only the grounds of inadmissibility should apply to my client because he's inadmissible and not deportable. And that would – that would accomplish it. Or follow Fidel Garcia, the board case that held that the exact same conviction, the individual was eligible for the petty offense exception, and therefore he was eligible for cancellation of removal. Okay. You've gone over your time. We'll allow you a minute for – to respond to the government. Thank you. May it please the Court. I'm Lyle Jensen from the Department of Justice, Office of Immigration Litigation, and I represent Respondent this morning. Good morning. The board did not abuse its discretion in denying Vesquez-Hernandez his motion to reopen. Vesquez-Hernandez is, as counsel has said, an inadmissible alien. He does not dispute that he has been convicted under California Penal Code 273.5 of willful infliction of corporal injury upon his spouse, nor does he dispute that that is a crime of domestic violence under the Immigration and Nationality Act. As a result, this Court's precedent in Gonzales-Gonzales precludes the argument he's trying to make here. In Gonzales-Gonzales, this Court held that an inadmissible alien who has been convicted of a crime involving – of a crime of domestic violence, excuse me, is in fact ineligible to cancellation of removal. The board is bound to follow this Court's precedent. It has no other choice. It did so here, so it cannot logically be considered to have abused its discretion by denying the motion to reopen. We may be able to clarify some of the confusion in this case by going over the history. Crimes of moral turpitude have been in the INA for a very long time. But cancellation of removal was added in 1996 under IRERA. It replaced a former, an earlier form of relief called suspension of deportation. At the same time that Congress enacted IRERA and enacted this cancellation of removal, it specifically enacted under 1227, 8 U.S.C. 1227, a ground of ineligibility for cancellation of removal, 1227a2e, which is crimes of domestic violence. At the time that Congress did that, they knew very well about the crimes involving moral turpitude. They knew about the petty offense exception, but they created a separate and distinct ground of ineligibility. Interestingly, at the same time, Congress created a waiver that pertained to 1227, 1227a2e, and that is under 1227a7. And it pertains to aliens who have been convicted of a crime of domestic violence but, in fact, have also been victims of domestic violence. So Congress was very much aware of this, yet they chose not to incorporate the petty offense exception. What do you say to Mr. Jacobs' argument that 1227 applies only to removable aliens and 1182 applies to inadmissible aliens and his client is inadmissible? As it pertains to this case, that argument is foreclosed by Gonzalez v. Gonzalez, which says that the grounds under 1229b, b1c, cancellation of removal, ineligibility, apply both to 1182 equally and 1227. The Court did not differentiate between the two. It said if you're convicted of an offense under either. Now, counsel has said that those 1182a2 and 1227a2 are codominis, that basically all offenses in one are included in the other. That is not clear. For instance, under 1182, if you have any crime of moral turpitude, you will be in the category of inadmissible, but under 1227a2, the crime has to be committed within a certain period of time of your admission into the country. So they're not exactly the same. At any rate, there's no indication that Congress ever intended the two to be codominis. Congress created a very specific exception for domestic violence, and it just doesn't apply in this case. And Gonzalez-Gonzalez kind of is our Court's determination that what you say is correct. That is correct. And the case that is cited, Garcia-Hernandez, never considered 1227a2e. It only pertained to the inadmissibility grounds. Well, in Garcia-Hernandez, the BIA case, was a year before Gonzalez-Gonzalez, and in any event, Gonzalez-Gonzalez would control, would it not? That is correct. Okay. Your Honor, subject to your further questions. I have nothing further to add. I just want to make certain I understand one thing. Everybody agrees that the custody release bond matter is moot. Is that correct? That is my understanding. Both sides agree with that. Okay. Well, subject to your further questions, that concludes my argument. I thank you for your time, Your Honor. Thank you, counsel. Mr. Jacobs, I'll allow you a minute if you'd like to respond. Thank you, Your Honor. Regarding the context of the deportation grounds of deportability under Section 1227, those grounds were not drafted with cancellation of removal relief in mind. Those grounds were drafted to apply to immigrants that were either lawfully admitted with a visa or already have lawful permanent resident status, and therefore to argue that the petty offense exception was explicitly omitted from that and that somehow can be traced back to this cancellation of removal relief is a misplaced argument. The practical result that the government seeks here is that out of all the crimes of moral turpitude that you could think of in the world, the only one, the only crime of moral turpitude that is not subject, does not qualify under the petty offense exception would be domestic violence. The government is, or the net result is that domestic violence is apparently the worst crime out there, regardless of. . . But Congress did go out of its way to specify that, as opposed to just leaving it under some generic crime involving moral turpitude rubric, right? Congress did, as it applies to lawful permanent residents or those that enter lawfully with a visa. And as we said in Gonzales, in the Gonzales case, it also included it in the 1229B and lumped it all together. Crimes under those statutes then are crimes for which you cannot receive cancellation of removal. Correct, I believe. But I also must emphasize that Gonzales-Gonzales did not consider the petty offense exception, and, therefore, we're looking at two cases that are neither are completely on point, and that this Court must carve out a decision that can reconcile the two cases. Okay. Thank you, counsel. Thank you. We thank both counsel for the arguments. Thank you. The next case on the calendar is Bede v. County of Los Angeles.
judges: T.G Nelson, Bybee, N.R. Smith